IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONALD FOSTER | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-42 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Donald Foster, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges he was denied due process during a disciplinary proceeding.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner was charged in disciplinary case number 20200226943 with assaulting a correctional officer. On August 6, 2020, following a disciplinary hearing, Petitioner was found guilty of the disciplinary infraction. As punishment, Petitioner was sanctioned with 15 days of recreation and cell restriction; 60 days of commissary restriction; a reduction in time earning class; and the loss of 364 days of good time credits. Petitioner appealed the guilty finding through the inmate grievance procedure, but his grievances were denied at both steps.

Analysis

Prisoners charged with rule violations are entitled to certain due process rights when the disciplinary action may result in a sanction that will impose upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). As a general rule, the only sanction that imposes upon a liberty interest is the loss of good time credits for inmates whose release on mandatory supervision will be delayed by the loss of the credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

In this case, Petitioner is not eligible for mandatory supervision. Petitioner has multiple criminal convictions. Although each of his convictions are for offenses that are eligible for mandatory supervision, Petitioner is not currently eligible for mandatory supervision because he is serving consecutive sentences. *See Ex parte Ruthart*, 980 S.W.2d 469 (Tex.Crim.App. 2001) (holding that an inmate serving consecutive sentences is only eligible for release to mandatory supervision on his last sentence); *see also Wallace v. Davis*, No. 16-11445, 2017 WL 11620554, at *1 (5th Cir. July 7, 2017) (denying a certificate of appealability to a petitioner claiming he was denied due process in a disciplinary proceeding where the district court found the petitioner was not eligible for mandatory supervision because he was serving consecutive sentences). Because the punishment Petitioner received for the disciplinary case did not present an atypical or significant hardship, prison officials were not required to afford Petitioner with the procedural safeguards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), before assessing punishment. Therefore, the petition for writ of habeas corpus should be denied.

Recommendation

This petition for writ of habeas corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 21st day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge